### STEBBINS v. HUME.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

EXECUTORS AND ADMINISTRATORS—ACTION FOR MONEY LOANED BY DECEDENT—SUFFICIENCY OF EVIDENCE TO SUPPORT CLAIMS.

In an action by an administrator for money alleged to have been loaned defendant by his deceased brother, there was evidence that defendant had said that his brother's money was in a house he was building, and it appeared that deceased had $1,500 in a bank, which he drew out shortly before his death; that the deceased lived with defendant, who turned over to the administrator only a few personal effects. *Held,* that the evidence did not show that deceased loaned any money to the defendant. BARTLETT, J., dissenting.

Appeal from circuit court, New York county.
Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.
*Thomas Allison,* for appellant. *Tallmadge W. Foster,* for respondent.

VAN BRUNT, P. J. This action was brought in August, 1885, by the plaintiff, as administrator of one Alexander Hume, who died in December, 1883, to recover from the defendant, his brother, the sum of not less than $1,512, alleged to have been loaned to him by said Alexander Hume in August and September, 1883. The evidence in the case consisted of the testimony of the brother-in-law of the deceased, Mr. Spilker, to the effect that the defendant stated to him, very shortly after his brother's death, that he had not· money enough to bury his brother, because all the money his brother had in the bank he drew out, and his money was all in the house which he had been building up the street, as well as all the money he had, for he had not money enough to build that house; so his brother's money was in that house, with his own, and that that made him short, and that the defendant had been building a house during that summer and fall. Another witness, Mrs. Isabella McDowell, a sister of Alexander Hume, deceased, testified that, shortly after his decease, she had a conversation with the defendant, Thomas Hume, and he said that Sandy's money was in the house. The plaintiff also offered in evidence the account of Alexander Hume with four savings banks, which accounts commenced on July 10, 1879, and appeared to have terminated in September, 1883. The total amount of deposits prior to July 1, 1883, including accrued interest, amounted to about $1,761.06, and the total drafts to about $250. In August and September, 1883, he drew out the whole of the moneys standing to his credit in these various banks. It was also proved that the deceased lived with his brother, the defendant, at the time of his death, and that all the property which the defendant handed over to the plaintiff as administratrix consisted of certain personal effects of small value. Upon the termination of the plaintiff's case, a motion was made to dismiss, upon the ground that there was no sufficient evidence to warrant an action for money loaned, which was denied, and exceptions duly taken. The defendant was then examined, and denied the conversation testified to, and the case was submitted to the jury, who found in favor of the plaintiff.

Upon the evidence in this case we cannot find any proof that the deceased loaned any money to his brother. If the defendant did make the statements attributed to him by Mr. Spilker and Mrs. McDowell, we might very well in-

fer that the deceased was interested in the house the defendant was building; but we have no evidence as to its extent. The fact that the deceased had money in the house is inconsistent with the idea that the money was loaned to the defendant, and only harmonizes with the assumption that he was interested in the house with the defendant; and, where the evidence is of this character, a jury cannot be allowed to speculate as to what were the probable facts. If the plaintiff's evidence was true, the court was bound to determine whether or not it made out a case of a loan of money, because there was no dispute as to the facts. It is true that the court was not requested to determine the question as matter of law, at the close of all the evidence. But the question as to whether, as matter of law, a loan of money had been proved, conceding the plaintiff's evidence to be true, was raised by the motion to dismiss, and the only question which was for the jury to determine was as to the truth of the claim of the plaintiff that the defendant had made the declarations testified to. The jury have found that he did; and although he did, as has been seen, they had no right to infer from these declarations a loan of money. It may also very well be argued that the proof that the deceased drew certain sums of money from the bank does not show that the whole of those sums went into this house, without some further or other circumstance being proven having a tendency to establish this fact. The case of *Stimson* v. *Vroman*, 99 N. Y. 74, 1 N. E. Rep. 147, seems to have no application to the facts of the case at bar. Under the proofs in this case, we do not see how it could be inferred that the deceased loaned any money to the defendant for the building of the house.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

MACOMBER, J., concurs. BARTLETT, J., dissents.